FILED
United States Court of Appeals
Tenth Circuit

August 19, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LOUIS PEOPLES, JR.,

     Petitioner – Appellant,

v.

JAMES FALK, Warden; THE
ATTORNEY GENERAL OF THE STATE
OF COLORADO,

     Respondents – Appellees.

No. 15-1134
(D.C. No. 1:14-CV-02949-LTB)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

Petitioner Louis Peoples, Jr., a state prisoner proceeding pro se, seeks a certificate of appealability to appeal the district court's denial of his § 2254 habeas petition.

In 2002 a Colorado state jury convicted Petitioner of first-degree criminal attempt to commit first-degree murder as well as first and second-degree assault. The trial court noted Petitioner's seven prior felony convictions, found him to be a habitual criminal, and sentenced him to 128 years in prison. The Colorado Court of

_____

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Appeals (CCA) affirmed the conviction and sentence on direct appeal, and the

Colorado Supreme Court denied Petitioner's request for certiorari in 2005.

In 2006 Petitioner filed a post-conviction motion claiming ineffective

assistance of trial and appellate counsel. The state trial court denied the motion and

its denial was affirmed by the CCA. The Colorado Supreme Court again denied a

request for certiorari on January 18, 2011.[1]

On October 28, 2014, Petitioner filed this § 2254 application in the District

Court for the District of Colorado. He subsequently filed an "Amended Brief"

asserting 14 grounds for relief alleging violations of his constitutional rights under

the Fifth, Sixth, Eighth and Fourteenth Amendments.

The district court found that the one-year limitation period to file a § 2254

motion had expired over three years before Petitioner filed this motion. The district

court further found that Petitioner was not entitled to additional time, available in

exceptional circumstances under 28 U.S.C. § 2244(d)(1)(B)–(D) and that he was not

eligible for equitable tolling because he had not diligently pursued his federal claims

or shown a reason why he could not. *See Yang v. Archuleta*, 525 F.3d 925, 930 (10th

Cir. 2008). The district court dismissed Petitioner's one timely claim—one alleging

ineffective assistance of post-conviction counsel—because the claim was not a

recognized basis for federal habeas review. *See* 28 U.S.C. § 2254(i) ("The

---

[1] Petitioner filed a second post-conviction motion in April 2011, but this motion was denied by the state trial court as time-barred and successive. This motion plays no part in the calculation of Petitioner's one-year statute of limitations.

ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

After carefully reviewing the record and Petitioner's filings on appeal, we conclude that reasonable jurists would not debate the district court's dismissal of the majority of the habeas petition on timeliness grounds or its dismissal of Petitioner's ineffective assistance of post-conviction counsel claim for failure to state a viable basis for federal habeas review. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For largely the same reasons given by the district court, we therefore **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal. We **GRANT** Appellant's motion to proceed *in forma pauperis* on appeal.

Entered for the Court

Monroe G. McKay
Circuit Judge